UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ABERDEEN CITY COUNCIL AS ADMINISTRATING AUTHORITY FOR THE NORTH EAST SCOTLAND PENSION FUND, | : : : : : | Miscellaneous Civil Action No. 1:23-mc-00070-LAK-GWG |
| Plaintiff, | : : : | DECLARATION OF T. ALEX B. FOLKERTH IN SUPPORT OF REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL BLOOMBERG L.P. TO PRODUCE DOCUMENTS RESPONSIVE TO PLAINTIFF'S SUBPOENA |
| vs. | : : : |  |
| BLOOMBERG L.P., | : : |  |
| Defendant. | : : | REDACTED |
| (*In re Under Armour Securities Litigation, Pending in the United States District Court, District of Maryland*, Civil No. RDB-17-388) | : : : : |  |

4874-8173-4241.v1

I, T. Alex B. Folkerth, declare as follows:

1. I am an attorney with the law firm of Robbins Geller Rudman & Dowd LLP, counsel for Plaintiff[1] in the above-entitled action. I am duly licensed to practice before all courts of the State of California and have been admitted to practice *pro hac vice* before this Court. I have personal knowledge of the matters herein and, if called upon, I could and would competently testify thereto.

2. Plaintiff has been diligently pursuing discovery in this matter since the court in the Underlying Action denied Under Armour and Plank's third motion to dismiss on May 18, 2021 and, on June 4, 2021, lifted the discovery stay imposed by the Private Securities Litigation Reform Act of 1995. In the course of discovery in the Underlying Action, defendants Under Armour and Plank have produced a total of 307,349 documents totaling 1,325,300 pages. Additionally, Plaintiff has taken 43 depositions.

3. Plaintiff learned of Ruhle's relationship with Plank from a *Wall Street Journal* article (Capeci Decl., Exhibit 4), and because Ruhle's involvement with Plank appeared to concern issues relevant to the Underlying Action, Plaintiff issued a document subpoena to Ruhle on February 24, 2022. A true and correct copy of the subpoena to Stephanie Ruhle Hubbard is attached as Exhibit A. After extensive negotiations with Ruhle's counsel, Plaintiff learned on June 7, 2022 that Ruhle had no documents responsive to the subpoena. A true and correct copy of that correspondence is attached as Exhibit B. Ruhle's counsel also represented that Ruhle did not have possession, custody, or control over her work emails. *See id.* at 1. Plaintiff deposed Ruhle on March 8, 2023. Ruhle was represented at her deposition by competent counsel. ████

---

[1] Defined terms herein are the same as in the Reply in Support of Plaintiff's Motion to Compel Bloomberg L.P. to Produce Documents Responsive to Plaintiff's Subpoena, filed concurrently herewith.

███████████████████████████████████████████████████
████████████████████████████████████████.

4.  Because Ruhle herself was unable to produce her work emails, Plaintiff issued a subpoena to her current employer, NBC Universal – MSNBC ("MSNBC"), on July 1, 2022. A true and correct copy of the subpoena to NBC Universal Media, LLC – MSNBC is attached as Exhibit C. Again, Plaintiff engaged in extensive negotiations over the subpoena. A true and correct copy of the that correspondence is attached as Exhibit D. ████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
████████████████.

5.  Concurrently, Plaintiff continued its extensive and careful review of the over 300,000 documents produced by Under Armour and Plank in their ongoing document productions throughout the discovery period. In the course of this work, Plaintiff continued to learn more about Ruhle's involvement with Plank and Under Armour and her importance to issues in the Underlying Action. ████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
████████ Plaintiff, therefore, issued a subpoena to Bloomberg on January 4, 2023. *See* Capeci Decl., Exhibit 1.

6.  Plaintiff initially met and conferred regarding its subpoena to Bloomberg with Bloomberg's in-house counsel, Steven Haber. A true and correct copy of that correspondence is attached as Exhibit F. Plaintiff exchanged numerous emails with Mr. Haber and also discussed the subpoena with him by phone on January 23, 2023 for approximately 30 minutes. In the phone call, Plaintiff explained to Mr. Haber in detail what the Underlying Action is about, why Ruhle's

communications with and regarding Under Armour are relevant to the Underlying Action, Plaintiff's efforts to obtain the evidence it seeks from Ruhle and MSNBC, and why Plaintiff issued its subpoena to Bloomberg. Mr. Haber raised a journalists' privilege objection, and Plaintiff explained that, given the nature of Ruhle and Plank's relationship, the privilege does not apply. Plaintiff was prevented from sharing the Under Armour documents supporting its position by the Protective Order in the Underlying Action, so Plaintiff suggested that Mr. Haber collect Ruhle's emails with Plank so that he could see for himself that the relationship between Plank and Ruhle would not support the application of the privilege. *See id.* at 3. On January 26, 2023, Mr. Haber agreed to do so. *See id.* at 1.

7. Plaintiff next heard from Dori Ann Hanswirth six days later, on February 1, 2023. A true and correct copy of that correspondence is attached as Exhibit G. Ms. Hanswirth explained that Bloomberg had retained her and Theresa M. House to handle Plaintiff's subpoena. *Id.* at 35. Plaintiff met and conferred with Ms. Hanswirth and Ms. House by email and by telephone. *See generally id.* Plaintiff's first phone call with Ms. Hanswirth and Ms. House was on February 6, 2023. The call lasted approximately 35 minutes. Again, Plaintiff explained in detail what the Underlying Action is about, why Ruhle's communications with and regarding Under Armour are relevant to the Underlying Action, Plaintiff's efforts to obtain the evidence it seeks from Ruhle and MSNBC, and why Plaintiff issued its subpoena to Bloomberg. Ms. Hanswirth represented that she had reviewed the emails Mr. Haber collected and informed Plaintiff that Bloomberg intended to stand on its privilege objection. Plaintiff explained again that the privilege did not apply, [redacted] and sought to reach a compromise wherein Bloomberg would produce documents responsive to a narrowly tailored set of search terms. *See id.* at 30.

8. Plaintiff next discussed the subpoena with Bloomberg (via its counsel, Ms. Hanswirth and Ms. House) on February 23, 2023. The call lasted approximately 20 minutes. The parties were unable to reach a resolution. Plaintiff emailed Ms. Hanswirth later that afternoon to confirm that the parties had reached impasse and that Plaintiff therefore intended to move to compel a production from Bloomberg. *Id.* at 27-28.

9. Bloomberg reached back out to Plaintiff on March 13 and 14, 2023 regarding the subpoena. *Id.* at 21-24. Ms. Hanswirth did not mention in any of her March 13 and 14 emails that she felt Plaintiff had failed to meet and confer in good faith, or that Plaintiff had not adequately explained its position on any of the issues. *See id.* In her March 14 email, Ms. Hanswirth explained that she had spoken with counsel for Under Armour and that she and Bloomberg were now "discussing a potential production of certain documents." *Id.* at 22. Plaintiff responded that it was confused by Bloomberg's inconsistent positions and that, at any rate, Bloomberg's vague discussion of a "potential production of certain documents" was too little too late to comply with the subpoena. *See id.* at 20-21.

10. Plaintiff filed its Motion on March 15, 2023. ECF 1. Thereafter, the parties engaged in additional meet and confer efforts regarding the procedure for litigating the Motion, including multiple emails and a call with Ms. House on March 17, 2023 that lasted approximately 20 minutes. *See* Exhibit G at 1-19. On the call and by email, the parties discussed various issues related to the Protective Order in the Underlying Action and reached a multiparty agreement between Bloomberg, Plaintiff, Under Armour, and Plank allowing certain documents designated as Confidential under the Protective Order to be shared with Bloomberg for purposes of this litigation. *See, e.g., id.* at 6-15.

11. Throughout these post-filing discussions between Plaintiff and Bloomberg, Bloomberg still never raised that it felt Plaintiff had failed to meet and confer in good faith, or that

Plaintiff had not adequately explained its position on any of the issues. In fact, counsel for Bloomberg suggested to Plaintiff that Plaintiff file a letter with the Court informing the Court that the parties agreed that the Motion was suitable for full briefing without the need for a pre-motion conference or a response letter from Bloomberg. *Id.* at 2. Plaintiff drafted the letter and shared it with counsel for Bloomberg before filing it. *Id.* at 1. Counsel for Bloomberg confirmed that the letter and the representations as to Bloomberg's positions therein were acceptable (*id.*), and Plaintiff filed the letter with the Court on March 22, 2023. ECF 15. The Court approved the schedule proposed by the parties in the letter on March 23, 2023. ECF 17.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 4th day of May, 2023, at Melville, New York.

s/ T. Alex B. Folkerth<br>
T. ALEX B. FOLKERTH

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on May 4, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ T. Alex B. Folkerth
T. ALEX B. FOLKERTH

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  afolkerth@rgrdlaw.com

4874-8173-4241.v1

# Mailing Information for a Case 1:23-mc-00070-LAK-GWG Aberdeen City Counsel as Administrating Authority for the North East Scotland Pension v. Bloomberg L.P.

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew I. Alpert**
  MAlpert@rgrdlaw.com,e_file_sd@rgrdlaw.com,MAlpert@ecf.courtdrive.com

- **Michael Gerard Capeci**
  MCapeci@rgrdlaw.com,e_file_ny@rgrdlaw.com,afolkerth@rgrdlaw.com,stephaniec@rgrdlaw.com,kmccormack@rgrdlaw.com,e_file_sd@rgrdlaw.com,MCapeci@ecf

- **Timothy A.B. Folkerth**
  afolkerth@rgrdlaw.com

- **Dori Ann Hanswirth**
  Dori.Hanswirth@arnoldporter.com,edocketscalendaring@arnoldporter.com,dori-hanswirth-2121@ecf.pacerpro.com,maosdny@arnoldporter.com

- **Robert R. Henssler , Jr**
  bhenssler@rgrdlaw.com

- **Theresa M. House**
  Theresa.House@arnoldporter.com,edocketscalendaring@arnoldporter.com,theresa-house-5561@ecf.pacerpro.com

- **Christopher Ryan Kinnon**
  ckinnon@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`