# Arnold & Porter

**Dori Ann Hanswirth**
+1 212.836.8095 Direct
Dori.Hanswirth@arnoldporter.com

## MEMORANDUM ENDORSED

May 16, 2023

**BY ECF**

Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *Aberdeen City Council v. Bloomberg L.P.*
            Case No. 1:23-mc-00070-LAK-GWG

Dear Judge Gorenstein:

      We represent Defendant Bloomberg L.P. in the above-referenced matter. We write to request leave for Bloomberg to file a sur-reply, which will be fewer than ten pages in length, to address arguments raised for the first time in Plaintiff Aberdeen City Council's reply brief (ECF 18, 43, 46) (the "Reply") filed in further support of its Motion to Compel Bloomberg L.P. to Produce Documents Responsive to Plaintiff's Subpoena (ECF 1) (the "MTC").

      If our request is granted, Bloomberg anticipates focusing on two principal points in the proposed sur-reply. First, Bloomberg will address misstatements by Plaintiff concerning its citation of and reliance on a report and recommendation issued by Special Master (Hon.) Barbara Jones in *In re Search Warrant Executed on Nov. 5, 2021*, No. 21 Misc. 813 (AT), 2023 WL 3005726, at *1 (S.D.N.Y. Mar. 21, 2023) ("*Search Warrant*"). The Reply brief claims that: "Bloomberg suggests that no court subsequent to the *Chevron* decision [*Chevron Corp. v. Berlinger*, 629 F.3d 297 (2d Cir. 2011)] has 'f[ound] that the *Chevron* exception applies'" (Reply at 4 (quoting Opposition at 3)) and then cites to *Search Warrant* for the proposition that a court has indeed applied the *Chevron* exception. The Reply also says that neither party objected to the Special Master's Report and Recommendation ("R&R") in that case. Both of these statements are wrong.

      As a preliminary matter, although the R&R is dated March 21, 2023, we contacted Westlaw and learned that it did not upload the R&R to its database until April 20, 2023, the same day that we filed Bloomberg's Memorandum of Law in Opposition to Plaintiff's

# Arnold & Porter

Honorable Gabriel W. Gorenstein
May 16, 2023
Page 2

MTC (ECF 27/32) (the "Opposition"). We had already checked our citations and were finalizing our filing by that date, and so we did not see the R&R prior to filing Bloomberg's Opposition. Since Plaintiff relies on this R&R to a substantial degree in its Reply, we respectfully submit that it would be both fair, and helpful to the Court, to allow Bloomberg to file arguments in response.

In its Opposition at 3, 33-34, Bloomberg argued that there were no cases (1) applying *Chevron*'s "lack of independence" exception to (2) a traditional news organization. *Search Warrant* is not such a case, and Plaintiff has cited no others. Contrary to Plaintiff's suggestion in the Reply, the *Search Warrant* R&R does not apply *Chevron*'s "lack of independence" test. Indeed, Footnote 3 of the R&R says expressly that the government (the requesting party in that case) "*does not dispute the Petitioners' entitlement to invoke the journalist's privilege.*" 2023 WL 3005726, at *3 n.3 (emphasis added). Accordingly, the question of whether the organization in that case – the activist group Project Veritas – qualified for the privilege at all was not an issue, and there was no allegation, much less any analysis or finding, that Project Veritas was not engaging in independent journalism under *Chevron*.

Likewise erroneously, Plaintiff states that there was no objection filed to the Special Master's R&R. Project Veritas did timely file objections on May 2, two days before Plaintiff filed its Reply asserting to the contrary. (Docket, *In re Search Warrant Executed on Nov. 5, 2021*, No. 21 Mc. 00813 (AT), at ECF 127 (Objection to Special Master's Report), 128 (Motion for Leave to File Objections to Report and Recommendations of Special Master Under Seal), 129 (Memorandum of Law in Support of Objection to Special Master's Report), and 130 (Ex-Parte Objection to Special Master's Report).[1]) In its Objection, Project Veritas notes: "Neither the Government nor the Report disputed that this federal common law privilege applies to Project Veritas and its journalists. *See* Report at 6, n 3." (Docket, *In re Search Warrant Executed on Nov. 5, 2021*, No. 21 Mc. 00813 (AT), at ECF 127 at 25.) It also objects to the R&R's findings that certain documents were not part of a "journalistic investigation." (*Id.* at 23-26.) The government has been granted leave to respond to Project Veritas's objections on or before May 23, 20203. (Docket, *In re Search Warrant Executed on Nov. 5, 2021*, No. 21 Mc. 00813 (AT), at ECF 132.)

The second principal argument that Bloomberg intends to address in its proposed sur-reply is Plaintiff's new contention that Bloomberg's ability to claim privilege has been waived. (Reply at 11, n.11.) Plaintiff inappropriately raised this claim for the first time in its reply, and its arguments on the issue of waiver are without merit for several reasons. First, the cited testimony does not say what Plaintiff claims it does – indeed, no privileged

---

[1] Plaintiff may have overlooked this filing because there are three Docket Numbers associated with the R&R (Case No. 21 Misc. 813 (AT), Case No. 21 Misc. 819 (AT), Case No. 21 Misc. 825 (AT)), and the objection is docketed in Case No. 21 Misc. 813 (AT) but applies to all three.

# Arnold & Porter

Honorable Gabriel W. Gorenstein
May 16, 2023
Page 3

newsgathering content was revealed.[2]  Second, the cases Plaintiff cites do not provide authority for its contention that the cited testimony could constitute a waiver, especially where the person testifying was not a corporate officer of Bloomberg and did not otherwise have authority to bind the company or contradict its assertion of privilege. (*See id.*)  Third, Plaintiff is wrong to imply that the reporter's privilege can be waived in the same way as the attorney-client privilege; in fact, the concept of a broad "subject matter" waiver based on partial disclosure does not apply to the reporter's privilege, for the simple reason (among others) that the underlying protections and rationale for the reporter's privilege are not rooted solely in confidentiality.  *See, e.g., Lonegan v. Hasty*, No. CV-04-2743(NG)(VVP), 2008 WL 41445, *5 (E.D.N.Y. Jan. 1, 2008) (rejecting argument that because reporter had already given deposition testimony as to some topics related to her reporting, she had waived the journalist's privilege regarding her reporting in general).  Further, the notion that non-party Bloomberg waived a privilege based on purported partial disclosures by a former employee ignores that Bloomberg, as a non-party to the underlying proceeding, gains no tactical advantage from the alleged disclosure.  *See id.*  In short, Plaintiff's late-breaking, factually unsupported waiver contention is devoid of substance and should be easily rejected.

For all of these reasons, Bloomberg respectfully requests permission to file a sur-reply to address the erroneous statements and new arguments raised in Plaintiff's Reply. Bloomberg further requests that if it is permitted to proceed, then its proposed sur-reply shall be due within one week of the Court's order permitting such filing.  We have conferred with Plaintiff, and it does not consent to this request.

We thank the Court for its consideration.

Respectfully Submitted,

Dori Ann Hanswirth

A brief of not more than 10 pages limited to the matters raised in this letter may be filed by May 23, 2023.  Any response may be filed by May 31, 2023.
So Ordered.
May 16, 2023

GABRIEL W. GORENSTEIN
United States Magistrate Judge