UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

ABERDEEN CITY COUNCIL AS
ADMINISTRATING AUTHORITY FOR
THE NORTH EAST SCOTLAND PENSION
FUND,

                               Plaintiff,

        vs.

BLOOMBERG L.P.,

                            Defendant.

————————————————————

(*In re Under Armour Securities Litigation,
Pending in the United States District Court,
District of Maryland*, Civil No. RDB-17-388)

———————————————————— x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Miscellaneous Civil Action No. 1:23-mc-
00070-LAK-GWG

SUR-SUR-REPLY IN FURTHER SUPPORT
OF PLAINTIFF'S MOTION TO COMPEL
BLOOMBERG L.P. TO PRODUCE
DOCUMENTS RESPONSIVE TO
PLAINTIFF'S SUBPOENA


                 REDACTED

## I.      INTRODUCTION

Defendant Bloomberg L.P.'s Sur-Reply Memorandum of Law in Further Opposition to Plaintiff's Motion to Compel (ECF 55) ("Sur-Reply") is entirely inconsequential.  Even if the Court were to credit every assertion in the Sur-Reply, Bloomberg[1] still would have failed to mount any argument that meaningfully bears on the central issues raised by Plaintiff's Motion, *i.e.*, that Ruhle's communications with Under Armour and its CEO, Plank, do not deserve the protection offered by the journalists' privilege and that even if they did, Plaintiff's need for this evidence overcomes the qualified privilege.  *See* Motion, §III.A. (citing *Chevron Corp. v. Berlinger*, 629 F.3d 297 (2d Cir. 2011)); *id.*, §III.B. (citing *Gonzales v. Nat'l Broad. Co., Inc.*, 194 F.3d 29 (2d Cir. 1999)).  Because the Court should not credit the assertions in Bloomberg's Sur-Reply, however, Plaintiff respectfully submits this Sur-Sur-Reply in response.

## II.     THE *SEARCH WARRANT* CASE IS PERSUASIVE, IN-DISTRICT AUTHORITY THAT SUPPORTS PLAINTIFF; OTHER COURTS HAVE ALSO APPLIED *CHEVRON* IN DENYING APPLICATION OF THE JOURNALISTS' PRIVILEGE

Bloomberg objects to Plaintiff's citation of a recent Report and Recommendation by the Honorable Barbara S. Jones as Special Master in the case *In re Search Warrant Executed on Nov. 5, 2021*, 2023 WL 3005726, at *1 (S.D.N.Y. Mar. 21, 2023).  Sur-Reply at 1-4.[2]  Plaintiff cited *Search Warrant* because it is a very recent opinion from this District that touches on a number of issues presented in this litigation – for example, in addition to its application of *Chevron*, *Search Warrant*

---

[1]      Defined terms have the same meanings assigned to them in the Reply in Support of Plaintiff's Motion to Compel Bloomberg L.P. to Produce Documents Responsive to Plaintiff's Subpoena (ECF 43) ("Reply").

[2]      Bloomberg is correct that Plaintiff inadvertently missed the objection filed by Project Veritas because it was located on a separate docket.  *See* Sur-Reply at 4 n.4.  The procedural posture of the *Search Warrant* case does not make a meaningful difference, however – whether or not the Report and Recommendation was objected to, it remains persuasive authority regarding the issues presented in Plaintiff's Motion, written by an experienced judicial officer in this District.

- 1 -

recognizes that courts in this District have rejected the argument that an entity "can assert the privilege . . . with respect to its large editorial processes" (Opposition at 22).  *See Search Warrant*, 2023 WL 3005726, at *8 (citing *Guzman v. News Corp.*, 877 F. Supp. 2d 74 (S.D.N.Y. 2012), *aff'd*, 2012 WL 13042629 (S.D.N.Y. Nov. 5, 2012)).

Notably, Bloomberg's claim that "its research indicated that there were no cases (1) applying *Chevron*'s 'lack of independence' exception to (2) a traditional news organization" (Sur-Reply at 2) says more about its research than the state of the law; it is simply not true that "[n]o court interpreting *Chevron* has ever applied its limited exception to a traditional news organization like Bloomberg" (Opposition at 3).  *See Las Vegas Sun, Inc. v. Adelson*, 2021 WL 6621290, at *2 (D. Conn. Sept. 2, 2021) (applying *Chevron* to deny claim of privilege raised by a newspaper publisher because "there [were] sufficient threshold facts which overcome respondent's claim of independence, and thereby the journalist's privilege"); *see also Drummond Co., Inc. v. VICE Media LLC*, 2022 WL 678471, at *2 n.2 (N.D. Ala. Mar. 7, 2022) (quoting the Smith/Jones hypothetical from *Chevron* and denying VICE's claim of journalists' privilege under Second Circuit law).

Judge Jones's analysis in *Search Warrant* is particularly instructive because it highlights an important aspect of the *Chevron* decision – that, for information to be protected by the privilege, it is insufficient for it simply to be in a reporter's (or news organization's) possession; rather, the information must have been gathered in a journalistic investigation.  *Search Warrant*, 2023 WL 3005726, at *6; *see also Chevron*, 629 F.3d at 307 ("[I]n ***collecting the information in question***, the person must have acted in the role we identified in *Baker*, *von Bulow*, and *Gonzales* as that favored by the public interest that motivates the privilege – the role of the ***independent*** press.") (first emphasis added; second in original).

This principle is particularly applicable here because Bloomberg's argument boils down to the simple fact that it is a "traditional news organization." Sur-Reply at 2; Opposition at 3, 33. But this is not even part of the analysis. *Cf. Chevron*, 629 F.3d at 307 ("A person need not be a credentialed reporter working for an established press entity to establish entitlement to the privilege."). Instead, as the Second Circuit has repeatedly held and as *Search Warrant* highlights, what matters is how and why the party – traditional news organization or not – obtained the information claimed to be privileged. *See id.* at 307-08; *von Bulow ex rel. Auersperg v. von Bulow*, 811 F.2d 136, 144-45 (2d Cir. 1987).

Here, Bloomberg obtained the information and documents Plaintiff seeks through the actions of its former employee, Ruhle. And as Plaintiff demonstrated in its Motion and Reply, the primary purpose of Ruhle's relationship and communications with Plank was to promote Under Armour and encourage people to buy its stock, both on and off the air. *See, e.g.*, Motion at 7-10 (Ruhle, Plank, and other Under Armour executives plan how to refute the Morgan Stanley report and then Ruhle goes on air offering a point-by-point refutation of the report that entirely mirrors an internal Under Armour email designed to refute the report); Capeci Decl., Ex. 20 (███████████████████ ████████████████████████████████████████████████████); Capeci Decl., Ex. 12 (Ruhle to Plank: "look at that stock!!!"). Pursuant to *Chevron*, Ruhle's emails with and regarding Under Armour in the course of that relationship are not the kind of "journalistic investigation" that the privilege is "designed to support." *See Chevron*, 629 F.3d at 306-08. And as *Search Warrant* illustrates, that means the party in possession of those documents cannot properly invoke the privilege over them, even if it could properly invoke the privilege over other documents (such as newsgathering about Under Armour by other Bloomberg journalists who ***did*** maintain their independence). *See Search Warrant*, 2023 WL 3005726, at *8-*9.

- 3 -

Bloomberg's main attempt to distinguish *Search Warrant* relies on the same insupportably restricted reading of *Chevron* proffered in its Opposition.  As explained in Plaintiff's Reply, Bloomberg is trying to pass off a highly specific, two-part test it dubs "the *Chevron* exception" as if that were the Second Circuit's pronouncement in *Chevron*.  *See* Reply at 3-4.  Because the *Search Warrant* court did not apply ***Bloomberg's*** test, Bloomberg says Plaintiff was "wrong" in stating that Judge Jones applied *Chevron* to deny a group of journalists' improper invocation of the journalists' privilege over certain documents.  Sur-Reply at 1.  But that is exactly what Judge Jones did in *Search Warrant*, helpfully illustrating that *Chevron* is simply not as narrow as Bloomberg would make it out to be.  *See Search Warrant*, 2023 WL 3005726, at *9 (quoting *Chevron*, 629 F.3d at 306).  Indeed, the facts of *Chevron* are much ***closer*** to this case than to *Search Warrant* – just like in *Chevron*, the problem here is Ruhle's lack of independence from the subject of her purported reporting.

Bloomberg's other attempts to distinguish *Search Warrant* similarly fail.  Bloomberg notes that the parties in *Search Warrant* did not dispute the journalists' entitlement to invoke the privilege.  Sur-Reply at 2.  That is irrelevant.  Judge Jones nevertheless held that the journalists were ***not*** entitled to invoke the privilege over certain documents.  *Search Warrant*, 2023 WL 3005726, at *9.  Bloomberg cites a portion of the *Search Warrant* opinion in which Judge Jones observes that "'the concerns animating the qualified journalist's privilege are not concerns here.'"  Sur-Reply at 2 (quoting *Search Warrant*, 2023 WL 3005726, at *5).  But Bloomberg ignores the context of this observation; Judge Jones noted this in the course of holding, "[u]nder these circumstances, there is no reason to depart from the Second Circuit's standard and apply any additional scrutiny or balancing measures." *Search Warrant*, 2023 WL 3005726, at *5.  Plaintiff does not ask the Court to depart from the Second Circuit's standard, rendering this a distinction without a difference.

- 4 -

Next, Bloomberg argues that "even accepting the line that the R&R drew," the documents Judge Jones applied *Chevron* to are different from the situation before this Court because here, the documents Plaintiff seeks "are all squarely within the definition of 'information gathered in a journalistic investigation.'" Sur-Reply at 3-4. Bloomberg's conclusory assertion ignores that whether or not Ruhle's emails can properly be considered part of a journalistic investigation is the primary issue before the Court. *See* Motion, §II.A.; Reply, §II. Bloomberg weakly tries to support this argument by noting that Ruhle "did in fact report about [Under Armour] in the Jan. 11 Appearance and elsewhere." Sur-Reply at 3-4 n.2.[3] Again, however, the nature of that appearance is at issue, and the evidence shows that during the appearance Ruhle aired Under Armour's counterpoints to the Morgan Stanley report ███████████████████████. *See* Motion at 7-10. As Plank put it, Ruhle was "the only member of media to get UA's back when [Morgan Stanley] came out against us." Capeci Decl., Ex. 10. Moreover, only Plaintiff, and not Bloomberg, has submitted evidence of Ruhle's other reporting about Under Armour, and that ostensible "reporting" is similarly part of Ruhle's campaign to promote the interests of the Company. *See* Motion at 21 n.74 (Ruhle on the Today Show discussing a heavily criticized Under Armour sneaker: "'I really like this shoe'"; "'just in time for Father's Day, dads!'") (citation omitted). Thus, as in *Search Warrant*, the Court should deny Bloomberg's improper invocation of the journalists' privilege over Ruhle's emails because this evidence was not gathered in a journalistic investigation.

---

[3]     In this same footnote, Bloomberg contends that "*Search Warrant* offers no authority to suggest that the Reporter's Privilege requires a court to parse a journalist's communications with or about news sources." Sur-Reply at 3-4 n.2. But Plaintiff does not ask the Court to parse Ruhle's emails. Plaintiff's reference to "'the documents it seeks'" (*id.* (quoting Reply at 5)) differentiates between the documents sought by the subpoena (*i.e.*, Ruhle's relevant emails) and the irrelevant reporting by other Bloomberg journalists discussed in Bloomberg's Opposition.

III.   **BLOOMBERG COUNTERS A WAIVER ARGUMENT PLAINTIFF DID NOT MAKE, BUT THE COURT COULD STILL FIND BLOOMBERG'S CLAIM OF PRIVILEGE WAIVED**

Bloomberg's extensive discussion of waiver is an exercise in shadowboxing. *See* Sur-Reply at 5-10.  Bloomberg devotes most of its Sur-Reply to countering an argument that Plaintiff did not actually make – even going so far as to string together disparate sections of Plaintiff's Reply in constructing Plaintiff's supposed argument that "Bloomberg's ability to claim privilege has been waived." *See id.* (citing Reply at 2, 6-7, 11).[4]  Rather, ███████████████████████

███████████████████████████████████████████████████████████

███████  *See* Reply at 11 n.11.  Plaintiff made this argument to demonstrate that, unlike the reporter at issue in *Giuffre v. Maxwell*, 221 F. Supp. 3d 472, 479 (S.D.N.Y. 2016), who submitted a declaration in connection with her motion to quash that stated her communications at issue were in a newsgathering capacity, Ruhle herself did not submit any evidence in support of Bloomberg's opposition to the subpoena.  Reply at 10-11.  To the contrary, ███████████████████

███████████████████████████████████████████████████████████

███████████████████████████████  *See generally* Capeci Decl., Ex. 9.  This is important evidence about the nature of her relationship with Plank.[5]  Reply at 11; *see also id.* at 16

---

[4]      Page 2 of Plaintiff's Reply contains no mention of waiver at all, and makes clear that ███ ███████████████████████████████  While the word "waiver" does appear in footnote 5 of the Reply (on pages 6-7), it is merely part of the sentence that Plaintiff cited for the proposition that "as between an entity and an individual journalist engaged in newsgathering on the entity's behalf, the privilege belongs to the individual."  Reply at 6-7 n.5 (quoting *Waterloo/Cedar Falls Courier v. Hawkeye Cmty. Coll.*, 646 N.W.2d 97, 101-02 (Iowa 2002)).  Although Bloomberg spends a lot of time discussing this decision, these arguments are irrelevant because Bloomberg is simply wrong about what "Plaintiff's suggested interpretation of this sentence" actually is.  Sur-Reply at 9.

[5]      ███████████████████████████████████████████████████████ ████████  the first fact is uncontested and the second is insufficient to establish anything.     *See* Reply at 12, 16-17.   Furthermore, Bloomberg's argument that Plaintiff

- 6 -

(explaining that 

). And, unlike waiver or

the procedural posture of *Search Warrant*, the nature of Ruhle's relationship with Plank is one of the

central issues presented by Plaintiff's Motion.

At any rate, Bloomberg's lengthy exposition on waiver of the journalists' privilege actually

establishes that the Court ***could*** find ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See, e.g.*, *Pugh v. Avis*

*Rent A Car Sys., Inc.*, 1997 WL 669876, at *5 (S.D.N.Y. Oct. 28, 1997) (noting, in response to the

argument that an individual journalist had waived CBS's privilege claim simply by conducting

interviews in the presence of a third party, that "a journalist might waive the privilege by disclosing

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Sur-Reply at 6) is inaccurate. As the evidence clearly shows,

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Capeci Decl., Ex. 9 at 27:15-25, 79:17-82:4, 84:5-

88:14. Bloomberg's assertion ▇▇▇▇▇▇▇▇▇ is beside

the point. It makes no difference that ▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Again, should the Court wish to view the full transcripts of

Ruhle's (or Plank's) testimony, Plaintiff is happy to provide them. Reply at 14 n.12.

6       Ironically, Bloomberg's argument that only a corporation's officers and directors can waive
the corporation's privileges – which relies entirely on cases dealing with the attorney-client privilege
– immediately follows Bloomberg's argument that Plaintiff's cases are distinguishable because they
deal with the attorney-client privilege.  Sur-Reply at 7 (quoting *Commodity Futures Trading
Comm'n v. Weintraub*, 471 U.S. 343, 348-49 (1985); *In re Richard Roe, Inc.*, 168 F.3d 69, 72 (2d
Cir. 1999)).  Moreover, the reasoning in Bloomberg's cases is inapposite – *Richard Roe*, for
example, holds that because a lower-level employee cannot waive a corporation's privilege, neither
can a former lower-level employee.  168 F.3d at 72.  But clearly a journalist ***can*** waive the
journalists' privilege.  *See, e.g.*, *Search Warrant*, 2023 WL 3005726, at *7.

the notes, tapes or videotapes themselves to third parties" but "waiver does not automatically occur because a third party was present during the interview").[7]

## IV.    CONCLUSION

For the reasons set forth above and in Plaintiff's Motion and Reply, Plaintiff respectfully requests that the Court issue an order compelling Bloomberg to comply with the subpoena.

DATED:  May 30, 2023                    Respectfully submitted,

                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP
                                        MARK SOLOMON
                                        X. JAY ALVAREZ
                                        ROBERT R. HENSSLER JR.
                                        (admitted *pro hac vice*)
                                        MATTHEW I. ALPERT
                                        (admitted *pro hac vice*)
                                        JUAN CARLOS SANCHEZ
                                        CHRISTOPHER R. KINNON
                                        (admitted *pro hac vice*)
                                        T. ALEX B. FOLKERTH
                                        (admitted *pro hac vice*)


                                              s/ T. Alex B. Folkerth
                                        _____
                                              T. ALEX B. FOLKERTH

---

[7]     Bloomberg also devotes part of its Sur-Reply to arguing that Plaintiff does not meet the second prong of the *Gonzales* standard. Sur-Reply at 6-7 n.6 (incorrectly arguing that "Plaintiff has offered no evidence . . . to show that it fully exhausted other available sources"). This argument is beyond the scope of the matters Bloomberg was granted leave to address. *See* ECF 50. More importantly, the argument mischaracterizes *Gonzales*, which simply requires that the evidence be "not reasonably obtainable" from other available sources. *Gonzales*, 194 F.3d at 36. That standard is easily met here. *See* Reply at 19-20.

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jaya@rgrdlaw.com
bhenssler@rgrdlaw.com
malpert@rgrdlaw.com
jsanchez@rgrdlaw.com
ckinnon@rgrdlaw.com
afolkerth@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL G. CAPECI (MC-0617/NY)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
mcapeci@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE
STEPHEN R. ASTLEY
ELIZABETH A. SHONSON
ANDREW T. REES
MASON G. ROTH
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
sastley@rgrdlaw.com
eshonson@rgrdlaw.com
arees@rgrdlaw.com
mroth@rgrdlaw.com

Lead Counsel for Plaintiff

4887-3789-2455.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on May 30, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ T. Alex B. Folkerth
T. ALEX B. FOLKERTH

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

Email: afolkerth@rgrdlaw.com

**Mailing Information for a Case 1:23-mc-00070-LAK-GWG Aberdeen City Counsel as Administrating Authority for the North East Scotland Pension v. Bloomberg L.P.**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew I. Alpert**
  MAlpert@rgrdlaw.com,e_file_sd@rgrdlaw.com,MAlpert@ecf.courtdrive.com

- **Michael Gerard Capeci**
  MCapeci@rgrdlaw.com,e_file_ny@rgrdlaw.com,afolkerth@rgrdlaw.com,stephaniec@rgrdlaw.com,kmccormack@rgrdlaw.com,e_file_sd@rgrdlaw.com,MCapeci@ecf

- **Timothy A.B. Folkerth**
  afolkerth@rgrdlaw.com

- **Dori Ann Hanswirth**
  Dori.Hanswirth@arnoldporter.com,edocketscalendaring@arnoldporter.com,dori-hansworth-2121@ecf.pacerpro.com,maosdny@arnoldporter.com

- **Robert R. Henssler , Jr**
  bhenssler@rgrdlaw.com

- **Theresa M. House**
  Theresa.House@arnoldporter.com,edocketscalendaring@arnoldporter.com,theresa-house-5561@ecf.pacerpro.com

- **Christopher Ryan Kinnon**
  ckinnon@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)