EXHIBIT C

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| In re Under Armour Securities Litigation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. RDB-17-388 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: NBCUniversal Media, LLC - MSNBC, 30 Rockefeller Plaza, New York, NY 10112
Registered Agent: Enterprise Corporate Services LLC, 1201 North Market Street, Suite 1000, Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Schedule A.

| Place: Robbins Geller Rudman & Dowd LLP<br>420 Lexington Ave, Suite 1832<br>New York, NY 10170 | Date and Time:<br>08/01/2022 9:00 am ET |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/01/2022

*CLERK OF COURT*

_____      OR      *T. Alex B. [signature]*
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
, who issues or requests this subpoena, are:
T. Alex B. Folkerth, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, AFolkerth@rgrdlaw.com, 619/231-1058

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  RDB-17-388

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

# (NBCUNIVERSAL MEDIA, LLC)

The Uniform Instructions and Definitions for use in Discovery Requests are incorporated herein.

## I. DEFINITIONS

Unless stated otherwise, the terms set forth below are defined as follows:

1. "All" shall include the term "each" and vice-versa, as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the Request.

2. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

3. "Board of Directors" refers to Under Armour, Inc.'s Board of Directors and any committees or subcommittees thereof, including any ad hoc or special committees.

4. "Communication" or "communications" means the transmittal of information of any kind by any manner or means, including, but not limited to, speech, writing, telephone, e-mail, texting, messaging, or facsimile. This term encompasses documents reflecting or documenting communications.

5. "Company" or "Under Armour" refers to Defendant Under Armour, Inc.; any of its direct or indirect subsidiaries, divisions or affiliates (foreign and domestic), predecessors, and successors; all of its present and former officers, directors, employees, members of the Board of Directors, agents, accountants, attorneys, and advisors; and all other persons acting or purporting to act on its behalf.

6. "Kevin Plank" refers to Defendant Kevin A. Plank, as well as any representatives, agents, attorneys, and/or all other persons acting or purporting to act on his behalf.

7. "Concern" or "concerning" means relating to, referring to, reflecting upon, describing, evidencing, or constituting.

8. "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, BlackBerry message, or any other writing containing a communication from one person or persons to another.

9. "Defendants" refers to Under Armour, Inc. and Kevin A. Plank.

10. "Documents" is intended to have the broadest possible meaning under Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, electronically-stored information (defined below), electronic or computerized data compilations, electronic file backup tapes, hard drives and images of hard drives, all drafts, communications (defined above), contracts, correspondence, memoranda, invoices, records, presentations, books, reports, summaries of personal conversations or interviews, diaries, graphs, charts, diagrams, tables, photographs, records, tapes, microfilms, minutes, summaries of meetings or conferences, records and reports of consultants, press releases, stenographic, handwritten or any other notes, work papers, checks and check vouchers, check stubs or receipts, and any paper or writing of whatever description, including any computer database or information contained in any computer, although not yet printed out. A draft or non-identical copy of any document is a separate document within the meaning of this term.

11. "Electronically-Stored Information" or "ESI" includes, but is not limited to, the following:

    (a)    all items covered by Fed. R. Civ. P. 34(a)(1)(A);

(b) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation date, file modification date, etc.);

(c) files, information, or data saved on backup tapes, hard drives, or in "cloud" or virtual storage;

(d) internal or external websites;

(e) output resulting from the use of any software program, including, but not limited to, word processing documents, spreadsheets, database files, charts, graphs, and outlines, electronic mail, instant messenger (or similar programs), bulletin board programs, operating systems, text messages or SMS messaging, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and

(f) activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, USB flash drives, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, iPhone, iPad), hand-held wireless devices (*e.g.*, BlackBerry smartphones), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

12. "Including" is used to emphasize the type of document requested and does not limit the request in any way.

13. "Person" includes any natural person, firm, association, organization, partnership, limited partnership, sole proprietorship, trust, corporation, or legal or governmental entity, association, or body.

14. "Refer" or "relate" or "referring" or "relating" means all documents which explicitly or implicitly, in whole or in part, were received in conjunction with or were generated as a result of, the subject matter of the request, including, but not limited to, all documents which reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, or impact the subject matter of the Request.

15. "Ruhle" refers to Stephanie Ruhle Hubbard, as well as any representatives, agents, attorneys, and/or all other persons acting or purporting to act on her behalf.

16. "You" or "your" refers, respectively, to NBCUniversal Media, LLC and any of its subsidiaries, divisions, subdivisions, affiliates (foreign and domestic), predecessors, successors, joint ventures, present and former officers, directors, employees, representatives, agents, and all other persons acting or purporting to act on its behalf.

17. The present tense includes the past and future tenses. The singular includes the plural, and the disjunctive shall include the conjunctive, and vice versa. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

## II. INSTRUCTIONS

1. In responding to these Requests, all documents shall be produced in accordance with Federal Rule of Civil Procedure 45.

2. In responding to these Requests, you shall produce all responsive documents (including those stored electronically) that are in your possession, custody, or control, or in the

possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, executives, officers, partners, managing agents, agents, employees, attorneys, accountants or any other representative. A document shall be deemed to be within your control if you have the ability or right to secure the document or a copy of the document from another person having possession or custody of the document.

3. All unique documents responsive to the document Requests herein that are stored on your electronic backup tapes or hard drives shall be produced.

4. Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection and copying by Plaintiffs original documents as they are kept in the usual course of business in their original folders, binders, covers, and containers, or facsimiles thereof, or you shall organize and label the documents to correspond to the categories in these Requests. If the original document is not in your custody, then you are to produce an identical copy thereof, as well as any non-identical copies that differ for any reason (including, but not limited to, the making of notes thereon) from the original or from the other copies produced. Plaintiffs reserve the right to request inspection of the original documents, including those stored electronically, as they are kept in the usual course of business.

5. These Requests are specifically intended to encompass any ESI maintained in any form of computer memory or on computer hard drives, diskettes, or "cloud" or virtual storage, including any word processing or spreadsheet programs or electronic mail systems, or in any form of electronic or computer-related storage, whether or not you currently have "hard copy" printouts of the same. To the extent that there are documents containing information relevant to these Requests that are currently in electronic format, the documents are to be produced in their native format.

6. If you claim any form of privilege or any other objection, whether based on statute, common law, or otherwise, as a ground for not producing any requested document, you shall furnish a list identifying each document for which the privilege or other objection is claimed together with the following information:

  (a) the privilege being asserted;

  (b) the person on whose behalf the privilege is asserted;

  (c) a precise statement of the facts upon which the claim is based;

  (d) a description of the purported privileged document including: its nature (*e.g.*, letter, memorandum, tape, etc.); the date it was prepared; the date the document bears; the date the document was sent; the date the document was received; the name of the person who prepared the document; the name(s) of the person(s) who received the document; the name of each person to whom it was sent or was intended to be sent, including all addresses and all recipients of copies; the subject matter of the document; and

  (e) a statement as to whom each identified person represented or purported to represent at all relevant times.

7. If a portion of any document responsive to these Requests is withheld under claim of privilege, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted. Whenever a document is not produced in full or is produced in redacted form, so indicate on the document, identifying those portions of the document which are not being produced. For each document that is redacted, in addition to providing the redacted version of the document, the parties agree to furnish logs which comply with the legal requirements under federal law, but at a minimum will include the following information:

  (a) the Begin Production ID of the document;

(b) the End Production ID of the document;

(c) a description of why privilege is being asserted over the document; and

(d) which privilege is being asserted.

8. You are to produce each document requested herein in its entirety, without deletion or excision (except as redacted for privilege), regardless of whether you consider the entire document to be relevant or responsive to the requests. All documents must be produced with all attachments and enclosures, and in their original folder, binder, or other cover or container, regardless of whether you consider the entire document to be relevant or responsive to the Request. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or container must be attached to the document or group of documents.

9. Privilege and redaction logs may be produced on a rolling basis. The producing party shall provide the logs and supplements for each production within 30 days of each given production date.

10. If a document responsive to these requests was at any time in your possession, custody, or control but is no longer available for production, as to each such document state the following information:

(a) whether the document is missing or lost;

(b) whether the document has been destroyed;

(c) whether the document has been transferred or delivered to another person, and, if so, at whose request;

(d) whether the document has been otherwise disposed of; and

(e) a precise statement of the circumstances surrounding the disposition of the document and the date of its disposition.

11. If in responding to these Requests you can claim any ambiguity in interpreting a Document Request or a Definition or Instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to produce responsive documents, but there shall be set forth as part of your response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

12. With respect to any category of documents, if the production of which you contend is in some way "burdensome" or "oppressive," state the specific reason for that objection.

13. All Requests shall be deemed continuing and ongoing, and you are required to supplement your responses with new or newly discovered material in accordance with Federal Rule of Civil Procedure 26(e).

14. Provide a source list that clearly identifies who maintained the document and identifies the person or location it was collected from.

**III.    PRODUCTION OF HARD COPY DOCUMENTS – FORMAT**

Hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (i.e., .dat). The database load file should contain the following fields: "BEGNO," "ENDNO," "PAGES," "VOLUME" and "CUSTODIAN." The documents should be logically unitized (*i.e.*, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business. If an original document contains color, and the color is necessary to understand the meaning or content of the document, the document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image. Multi-page OCR text for each document

should also be provided. The OCR software shall maximize text quality. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

**IV.     PRODUCTION OF ESI**

1.      Format: Electronically stored information ("ESI") should be produced in single-page, black and white, TIFF Group IV, 300 DPI TIFF images with the exception of spreadsheet and presentation type files, audio and video files, photo or graphic images, and documents with tracked changes reflected in the metadata, which should be produced in native format. If an original document contains color, the document should be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image. Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business. TIFFs/JPGs should show any and all text and images that would be visible to the reader using the native software that created the document. For example, TIFFs/JPGs of e-mail messages should include the BCC line.

2.      Format – Native Files: If a document is produced in native format, a single-page, Bates stamped image slip sheet stating the document has been produced in native format should also be provided, with the exception of PowerPoint presentations. PowerPoint documents should be produced in native format along with single-page, 300 DPI TIFF/JPG images which display both the slide and speaker's notes. Each native file should be named according to the Bates number it has been assigned, and should be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the parties should meet and confer in good faith.

3.      De-Duplication: Each party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for

purposes of production, unless the parent e-mail and all attachments are also duplicates. An e-mail that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an e-mail that does not include content in those fields, even if all remaining content in the e-mail is identical. Removal of near-duplicate documents and e-mail thread suppression is not acceptable. De-duplication should be done across the entire collection (global de-duplication) and the CUSTODIAN-ALL field should list each custodian, separated by a semicolon, who was a source of that document and the FILEPATH-DUP field will list each file path, separated by a semicolon, that was a source of that document. Should the CUSTODIAN-ALL or FILEPATH-DUP metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents should be produced prior to substantial completion of the document production.

    4.    Technology Assisted Review: Predictive coding/technology-assisted-review shall not be used for the purpose of culling the documents to be reviewed or produced without notifying the requesting party prior to use and with ample time to meet and confer in good faith regarding a mutually agreeable protocol for the use of such technologies.

    5.    Metadata: All ESI shall be produced with a delimited, database load file that contains the metadata fields listed in Table 1, attached hereto. The metadata produced should have the correct encoding to enable preservation of the documents' original language.

    6.    For ESI other than e-mail and e-docs that do not conform to the metadata listed in Table 1, such as text messages, Instant Bloomberg, iMessage, Google Chat, Yammer, Slack, etc., the parties will meet and confer as to the appropriate metadata fields to be produced.

    7.    Embedded Objects: Embedded files shall be produced as attachments to the document that contained the embedded file, with the parent/child relationship preserved. The

embedded files should be marked with a "YES" in the load file under the "Is Embedded" metadata field. The parties agree logos need not be extracted as separate documents as long as they are displayed in the parent document.

8. Attachments: If any part of an e-mail or its attachments is responsive, the entire e-mail and attachments should be produced, except any attachments that must be withheld or redacted on the basis of privilege. The parties should meet and confer about whether there is an appropriate basis for withholding a family document for any reason other than attorney-client or work product privilege. The attachments should be produced sequentially after the parent e-mail. The parties shall use their best efforts to collect and produce documents that are links in e-mails, including, but not limited to, Google G Suite, Microsoft O365, etc. Documents extracted from links shall be populated with the BegAttach and EndAttach metadata fields to show the family relationship.

9. Compressed File Types: Compressed file types (e.g., .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

10. Structured Data: To the extent a response to discovery requires production of electronic information stored in a database, the parties should meet and confer regarding methods of production. Parties should consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.

11. Exception Report: The producing party shall compile an exception report enumerating any unprocessed or unprocessable documents, their file type and the file location.

12. Encryption: To maximize the security of information in transit, any media on which documents are produced may be encrypted. In such cases, the producing party shall transmit the

encryption key or password to the receiving party, under separate cover, contemporaneously with sending the encrypted media.

13. Redactions: If documents that the parties have agreed to produce in native format need to be redacted, the parties should meet and confer regarding how to implement redactions while ensuring that proper formatting and usability are maintained.

## V. RELEVANT TIME PERIOD

All Requests herein refer to the time period from September 16, 2015 to November 1, 2019 (the "Relevant Time Period"), unless otherwise specifically indicated, and shall include all documents, communications, and information that relate to such period, even though prepared or published outside of the Relevant Time Period.

## VI. DOCUMENT REQUESTS

REQUEST NO. 1:

All communications between Ruhle and Defendants concerning Under Armour.

REQUEST NO. 2:

All communications between Ruhle and the *Wall Street Journal*, the *Washington Free Beacon*, or any other media related to Under Armour and/or Kevin Plank.

REQUEST NO. 3:

All documents and communications sent or received by Ruhle concerning the Under Armour Curry 2 Low "Chef" sneaker.

# TABLE 1: METADATA FIELDS[1]

| Field Name | Example / Format | Description |
|---|---|---|
| BEGNO | ABC0000001 (Unique ID) | The Document ID number associated with the first page of a document. |
| ENDNO | ABC0000003 (Unique ID) | The Document ID number associated with the last page of a document. |
| BEGATTACH | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document. |
| ENDATTACH | ABC0000008 (Unique ID Parent-Child Relationships) | The Document ID number associated with the last page of the last attachment. |
| VOLUME | VOL001 | The name of CD, DVD, or Hard Drive. |
| RECORDTYPE | Options: eMail, Attachment, Scanned Doc, eFile | The record type of a document. |
| SENTDATE | MM/DD/YYYY | The date the email or calendar entry was sent. |
| SENTTIME | HH:MM | The time the email or calendar entry was sent. |
| RECEIVEDDATE | MM/DD/YYYY | The date the document was received. |
| RECEIVEDTIME | HH:MM | The time the document was received. |
| CREATEDATE | MM/DD/YYYY | The date the document was created. |
| CREATETIME | HH:MM | The time the document was created. |
| LASTMODDATE | MM/DD/YYYY | The date the document was last modified. |
| LASTMODTIME | HH:MM | The time the document was last modified. |
| MEETING START DATE | MM/DD/YYYY | Start date of calendar entry. |
| MEETING START TIME | HH:MM | Start time of calendar entry. |
| MEETING END DATE | MM/DD/YYYY | End date of calendar entry. |
| MEETING END TIME | HH:MM | End time of calendar entry. |
| FILEPATH | i.e. /JsmithPC/Users/Jsmith/Desktop | The file path from the location in which the document was stored in the usual course of business. This field should be populated for both email and e-files. |
| FILEPATH-DUP | i.e. /JSmith.pst/Inbox /Network Share/Accounting/… /TJohnsonPC/Users/TJohnson/My Documents/... | The file paths from the locations in which the duplicate documents were stored in the usual course of business. This field should be populated for both email and e-files and separated by semicolons. |
| AUTHOR | jsmith | The author of a document from extracted metadata. |
| LASTEDITEDBY | jsmith | The name of the last person to edit the document from extracted metadata. |
| FROM | Joe Smith <jsmith@email.com> | The display name and email address of the author of an email/calendar item. An email address should always be provided. |
| TO | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email address of the recipient(s) of an email/calendar item. An email address should always be provided for every email if a recipient existed. |
| CC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the copyee(s) of an email/calendar item. An email address should always be provided for every email if a copyee existed. |
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the blind copyee(s) of an email or calendar item. An email address should always be provided for every email if a blind copyee existed. |
| SUBJECT | | The subject line of the email/calendar item. |
| MESSAGE TYPE | Appointment, Contact, Task, Distribution List, Message, etc. | An indication of the email system message type. |
| IMPORTANCE | Normal, Low, High | Email Importance Flag |
| TITLE | | The extracted document title of a document. |
| CUSTODIAN-ALL | Smith, Joe; Doe, Jane | All of the custodians of a document from which the document originated, separated by semicolons. |
| SOURCE | Computer, Mobile Phone, Email, Network Share, Database Name, etc. | The source from which the document was collected. |
| ATTACH COUNT | Numeric | The number of attachments to a document. |
| FILEEXT | XLS | The file extension of a document. |
| FILENAME | Document Name.xls | The file name of a document. |
| FILESIZE | Numeric | The file size of a document (including embedded attachments). |
| IS EMBEDDED | Yes or No | The yes/no indicator of whether a file is embedded in another document. |
| HASH | | The MD5 or SHA-1 Hash value or "de-duplication key" assigned to a document. The same hash method (MD5 or SHA-1) should be used throughout production. |
| CONVERSATION INDEX | | ID used to tie together email threads. |
| REDACTED | Yes or Blank | If a document contains a redaction, this field will display 'Yes'. |
| TIMEZONE PROCESSED | PST, CST, EST, etc | The time zone the document was processed in. **NOTE:** This should be the time zone where the documents were located at time of collection. |
| NATIVELINK | D:\NATIVES\ABC000001.xls | The full path to a native copy of a document. |
| FULLTEXT | D:\TEXT\ABC000001.txt | The path to the full extracted text of the document. There should be a folder on the deliverable, containing a separate text file per document. These text files should be named with their corresponding Bates numbers. **Note:** Emails should include header information: author, recipient, cc, bcc, date, subject, etc. If the attachment or e-file does not extract any text, then OCR for the document should be provided. |

[1] For ESI other than email and e-docs that do not conform to the metadata listed here, such as text messages, Instant Bloomberg, iMessage, Google Chat, Yammer, Slack, etc., the parties will meet and confer as to the appropriate metadata fields to be produced.