# EXHIBIT F

| From: | Steven Haber (BLOOMBERG/ 731 LEX) |
|---|---|
| To: | Alex Folkerth |
| Cc: | Kirsten McCormack |
| Subject: | RE: Response and objections to subpoena |
| Date: | Thursday, January 26, 2023 11:26:55 AM |

EXTERNAL SENDER

We will conduct the search and see how many emails it generates. I don't work on Fridays so February 3 will not work. In any event, until we run the search and see the number of emails generated and have the opportunity to review those emails I don't think it makes any sense to speak, since until we have reviewed the messages there is not really anything substantive to discuss. Why don't we pull the emails (which itself will take a while, since we need to pull the emails and place them with an outside vendor for review purposes), and once I have the number I can give you a sense of how long it should take us to review them. Thanks.

Steven

Steven M. Haber (he/him)| Bloomberg Legal | +1.212.617.0530 | shaber11@bloomberg.net
THIS EMAIL WAS SENT BY AN ATTORNEY AND MAY BE PRIVILEGED/CONFIDENTIAL

```
From: AFolkerth@rgrdlaw.com At: 01/26/23 11:20:20 UTC-5:00
To:   Steven Haber (BLOOMBERG/ 731 LEX )
Cc:   KMcCormack@rgrdlaw.com
Subject: RE: Response and objections to subpoena
```

Hi Steven,

Thank you for agreeing to collect and review Ms. Ruhle's January 2016 emails with Under Armour and Mr. Plank as a first step. The domains "@ua.com" and "@underarmour.com" should cover Mr. Plank and the other Under Armour employees.

Given the time pressure we face, I think it makes sense to set up another call now to discuss the results of your search. How about next Friday (2/3) at 2:00 p.m. ET?

Thanks,

T. Alex B. Folkerth



58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

    

**From:** Steven Haber (BLOOMBERG/ 731 LEX) <shaber11@bloomberg.net>
**Sent:** Wednesday, January 25, 2023 4:03 PM
**To:** Alex Folkerth <AFolkerth@rgrdlaw.com>
**Cc:** Kirsten McCormack <KMcCormack@rgrdlaw.com>
**Subject:** RE: Response and objections to subpoena

EXTERNAL SENDER

Alex:

Thanks for this. Having looked at the cases you cite, I don't believe the facts you described on our call support your position that the reporter's privilege is inapplicable here. That said, and because you have represented that you cannot share the actual emails with me without the consent of the party that produced them (which consent you presumably have not sought), we will pull and review Ms. Ruhle's emails to Under Armour and Kevin Plank in January 2016 to see if we ultimately agree with your view that the privilege does not apply. In particular, we will review the emails to see if they demonstrate the presence here of facts analogous to those found by the *Chevron* trial court -- "that (1) [plaintiffs' counsel] 'solicited [reporter] to create a documentary of the litigation from the perspective of his clients,' and (2) '[reporter] concededly removed at least one scene from the final version of *Crude* at their direction.'" *Chevron Corp. v. Berlinger*, 629 F.3d 297, 308 (2d Cir. 2011). As the Second Circuit noted in *Chevron*, it does not undermine the privilege to show simply that "a journalist ... has been solicited to investigate an issue and presents the story supporting the point of view of the entity that solicited her"; in addition, there must be shown "a lack of editorial and financial independence" on the part of the reporter before the privilege can be found inapplicable. *Id*. at 309.

On the call yesterday you indicated that you had emails produced by Under Armour and by Plank. Can you please send me the email addresses you have for Plank (which you suggested were not all from the standard Under Armour corporate account), and also confirm that our search for Under Armour emails should use the extenders "@ua.com" and "@underarmour.com." Once we have that information we can begin the process of pulling Ms. Ruhle's Bloomberg.net emails from January 2016 to and from those email addresses. Thanks.

Steven

---

Steven M. Haber (he/him)| Bloomberg Legal | +1.212.617.0530 | shaber11@bloomberg.net
THIS EMAIL WAS SENT BY AN ATTORNEY AND MAY BE PRIVILEGED/CONFIDENTIAL

```
From: AFolkerth@rgrdlaw.com At: 01/24/23 14:26:52 UTC-5:00

To: Steven Haber (BLOOMBERG/ 731 LEX )
Cc: KMcCormack@rgrdlaw.com
Subject: RE: Response and objections to subpoena
```

Hi Steven,

Thank you for your time on the phone yesterday. I told you a little bit about our securities fraud case against Under Armour and Kevin Plank. I explained that we issued the subpoena to Bloomberg because Ms. Ruhle used her Bloomberg email account to exchange numerous relevant and responsive emails regarding Under Armour with Under Armour employees (including Mr. Plank), Bloomberg employees, and other third parties.

You indicated on our call that Bloomberg is claiming reporter's privilege over any such emails – without, apparently, having collected and reviewed any – simply because Ms. Ruhle is a reporter and Bloomberg is a news organization. As I mentioned on the call, however, the Second Circuit holds that the "privilege for such information is intended to protect the public's interest in being informed by 'a vigorous, aggressive, *and independent* press . . . .'" *Chevron Corp. v. Berlinger*, 629 F.3d 297, 306 (2d Cir. 2011) (emphasis in original), citing *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987). To the contrary, "[t]hose who gather and publish information because they have been commissioned to publish in order to serve the objectives of others who have a stake in the subject of the reporting are not acting as an independent press." *Id.* at 308.

Because Defendants have designated as confidential the Ruhle emails that they have produced, I cannot share them with you. As you will note when you collect Ms. Ruhle's emails from your client, however, the emails demonstrate that Ms. Ruhle was not conducting an independent journalistic investigation when she communicated regarding Under Armour in the relevant time period. Thus, because Ms. Ruhle was not acting as an independent reporter, her emails regarding Under Armour are not protected by the reporter's privilege.

If Bloomberg is willing to produce documents, I believe we can agree to very targeted search parameters. For example, as I explained on the call, Ms. Ruhle was involved in Under Armour's response to a Morgan Stanley analyst report that was published in January 2016, so we could potentially limit the search to just that month.

I have attached for your convenience the protective order Judge Bennett entered in our case, as well as the operative complaint. I look forward to continuing to discuss this matter with you once you have collected and reviewed the responsive emails in Bloomberg's possession. Additionally, we are under some time pressure because the discovery period in our case closes on February 28. Are you available to continue our discussion on Monday or Tuesday of next week?

Thank you,

**T. Alex B. Folkerth**

58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

---

**From:** Alex Folkerth
**Sent:** Thursday, January 19, 2023 4:48 PM
**To:** 'Steven Haber' <shaber11@bloomberg.net>
**Cc:** Kirsten McCormack <KMcCormack@rgrdlaw.com>
**Subject:** RE: Response and objections to subpoena

Just sent – thanks and have a great weekend.

**T. Alex B. Folkerth**

58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

---

**From:** Steven Haber (BLOOMBERG/ 731 LEX) <shaber11@bloomberg.net>
**Sent:** Thursday, January 19, 2023 4:46 PM
**To:** Alex Folkerth <AFolkerth@rgrdlaw.com>
**Cc:** Kirsten McCormack <KMcCormack@rgrdlaw.com>

**Subject:** RE: Response and objections to subpoena

EXTERNAL SENDER

Alex:

11 am ET on Monday works for me, if you could please send an invite. Thanks and talk to you then.

Steven

---

Steven M. Haber (he/him)| Bloomberg Legal | +1.212.617.0530 |
shaber11@bloomberg.net
THIS EMAIL WAS SENT BY AN ATTORNEY AND MAY BE PRIVILEGED/CONFIDENTIAL

```
From: AFolkerth@rgrdlaw.com At: 01/19/23 16:31:32 UTC-5:00
To: Steven Haber (BLOOMBERG/ 731 LEX )
Cc: KMcCormack@rgrdlaw.com
Subject: RE: Response and objections to subpoena
```

Hi Steven,

Received your email. Are you available to discuss our subpoena early next week? Monday at 11:00 a.m. ET?

Thanks,

**T. Alex B. Folkerth**

58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

**From:** Steven Haber (BLOOMBERG/ 731 LEX) <shaber11@bloomberg.net>
**Sent:** Thursday, January 19, 2023 4:24 PM
**To:** Alex Folkerth <AFolkerth@rgrdlaw.com>
**Subject:** Response and objections to subpoena

EXTERNAL SENDER

Mr. Folkerth:

Attached please find Bloomberg L.P.'s response and objections to the subpoena served on the Company on January 6, 2023 in *In re Under Armour Securities Litigation*, Civ. No. RDB-17-388 (D. Md.). Thanks.

Steven

Steven M. Haber (he/him)| Bloomberg Legal | +1.212.617.0530 |
shaber11@bloomberg.net
THIS EMAIL WAS SENT BY AN ATTORNEY AND MAY BE PRIVILEGED/CONFIDENTIAL

<< ATTORNEY COMMUNICATION - PRIVILEGED AND CONFIDENTIAL >>

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

<< ATTORNEY COMMUNICATION - PRIVILEGED AND CONFIDENTIAL >>

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

<< ATTORNEY COMMUNICATION - PRIVILEGED AND CONFIDENTIAL >>


**NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**

<< ATTORNEY COMMUNICATION - PRIVILEGED AND CONFIDENTIAL >>